FILED
2013 NOV -1  AM 9:32

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHELLE KVATEK,

    Plaintiff

-VS-

CAPITAL ONE BANK, and POLLACK &
ROSEN, P.A.,

    Defendant.
_____/

CASE NO.:

6:13-CV-1699-ORL-28-KRS

## COMPLAINT

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.    This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1962 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA").

## JURISDICTION AND VENUE

3.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§1331 and §1332.

4.    The alleged violations described in the Complaint occurred in Orange County, Florida.

## FACTUAL ALLEGATIONS

5.    Plaintiff is a natural person, and citizen of the State of Florida, residing in Orlando County, Florida

6.    Plaintiff is a natural person who is allegedly obligated to pay a debt incurred by an individual primarily for a personal, family, or household purpose.

1

7. Plaintiff is a "consumer" pursuant to both 15 USC 1692a and Fla. Stat. §559.55.

8. Defendant, CAPITAL ONE BANK is a corporation and a citizen of the State of Virginia with its principal place of business at 4581 Cox Road, Glen Allen, VA 23060.

9. Defendant, POLLACK & ROSEN, P.A., is a corporation and citizen of the State of Florida with its principal place of business at 806 Douglas Road, South Tower, Suite 200, Coral Gables, FL 33134.

10. Defendants sought to collect a debt from Plaintiff that arose from a transaction or obligation incurred for personal, family or household purposes and therefore is a "consumer debt" as defined by Florida Statute §559.55(1) and a "debt" pursuant to 15 USC 1692a.

11. Defendants each collected a debt they knew had previously been satisfied by Plaintiff.

12. CAPITAL ONE BANK by and through counsel POLLACK & ROSEN, P.A. filed a Statement of Claim against Plaintiff on March 23, 2007, (POLLACK & ROSEN file number 1112644), Orange County Case No.: 2007-SC-3410-A.

13. A default judgment was entered in that litigation against Plaintiff.

14. The outstanding balance was satisfied on or before February 4, 2012 and a Satisfaction of Judgment specifically acknowledging payment in full was recorded by CAPITAL ONE BANK at the Orange County Comptroller's Office on February 10, 2012, DOC#20120071792, Book 10330 Page 6451. A copy is attached hereto and incorporated herein as Exhibit "A".

15. Further, POLLACK & ROSEN, P.A. sent Plaintiff a letter dated June 29, 2012 which acknowledged a $0.00 balance. A copy is attached hereto and incorporated herein as Exhibit "B".

16.     On or about June 20, 2013 Defendant's filed a Motion for Writ of Garnishment and a Proposed Writ of Garnishment to be Issued by Clerk. A copy if attached hereto and incorporated herein as Exhibit "C".

17.     Despite knowledge of the prior satisfaction of this debt, Defendants falsely stated in such motion that the judgment remained unsatisfied.

18.     Defendant faxed a letter on Tuesday, September 10, 2013 at 11:57 a.m. to Defendant, POLLACK & ROSEN, P.A. stating that they were garnishing her wages for a debt that was satisfied. Plaintiff demanded that they update their records and advise the Court of their error and to stop all garnishment immediately. A copy if attached hereto and incorporated herein as Exhibit "D".

19.     On September 19, 2013 at approximately 10:30 a.m. Plaintiff contacted Defendant, CAPITAL ONE BANK explaining that the law firm, POLLACK & ROSEN, P.A. are garnishing her wages on behalf of CAPITAL ONE BANK for a debt that had already been satisfied. Defendant, CAPITAL ONE BANK admitted that the debt had been satisfied.

20.     On October 14, 2013 at approximately 8:15 a.m. Plaintiff contacted, Defendant, POLLACK & ROSEN, P.A. again and asked to speak with the attorney that signed the motion with the Court. She was then told that attorney was not available and was required to leave a message. No return call was ever provided.

21.     Defendant, CAPITAL ONE BANK, consented to and has knowledge and control of the activities of their agents and representatives, supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, including but not limited to POLLACK & ROSEN, P.A. in regards to all actions described in this complaint.

Case 6:13-cv-01699-CEM-KRS   Document 1   Filed 11/01/13   Page 4 of 9 PageID 4

22. Under information and belief, CAPITAL ONE BANK had knowledge of all actions (further described in the complaint) taken by its agents POLLACK & ROSEN, P.A, and specifically instructed and/ or conspired with them to take such actions as were ultimately taken in regards to Plaintiff and Plaintiff's Property.

23. At all times material: CAPITAL ONE BANK acknowledged that POLLACK & ROSEN, P.A. would act on behalf of CAPITAL ONE BANK with respect to the conduct alleged herein; POLLACK & ROSEN, P.A. accepted said undertaking; and CAPITAL ONE BANK retained control over the actions of its authorized agents.

24. Upon information and belief, the aforementioned principal/agent relationship by and between CAPITAL ONE BANK, as principal, and POLLACK & ROSEN, P.A., as agent, was pursuant to an express agreement, implied agreement and/or gratuitous undertaking. Defendants' malicious utilization of the court to enforce a writ on Plaintiff and having a direct influence in the suffering of Plaintiff both financially and emotionally by providing intentionally and in an outrageous manner providing maliciously false statements which were calculated to cause injury to Plaintiff.

25. Both Defendants' have been unjustly enriched at the expense of Plaintiff by garnishing her bi-weekly income for their own financial gain, and under information and belief all actions taken to collect this illegitimate debt where taken for the purpose of elicit financial gain

26. Defendant, Pollock & Rosen, P.A. was a firm hired and compensated by Capital One Bank in an attempt to collect a satisfied debt and therefore Pollock & Rosen, P.A. were agent acting on behalf of Capital One Bank and served a duty to the Court and Plaintiff to ensure the amount collected were actually owed.

4

27. Under information and belief it is both Defendant's common and routine practice and procedure to collect debts which have previously been satisfied and which Defendant's know are invalid and/or unenforceable.

28. Each Defendant exhibited gross negligence and/or a malicious disregard for Plaintiff's rights under the law.

29. Each Defendant exhibited gross negligence and/or a malicious disregard for its obligations to be fair and truthful in is representations to legal tribunals in the collection of consumer debts.

30. The damages caused by Defendants' in this matter include, but are not limited to the financial harm caused Plaintiff by the loss of funds improperly taken from her, but further caused Plaintiff the inability to provide for her other financial obligations, limiting income to her family, the unexpected reduction in income creating a domino effect wreaking havoc in Plaintiff's financial stability. Plaintiff has also suffered from severe emotional distress and mental anguish due to Defendant's actions which caused the loss of income and the inability to provide for her family and to satisfy her financial obligations.

31. The emotional distress cause to Plaintiff by Defendant's has resulted in symptoms including, but is not limited to severe stress, anxiety, nervousness, fear, worry, loss of happiness, loss of concentration, instability, hysteria, irritability, embarrassment, humiliation, intimidation, future anxiety, emotional of mental distress, aggravated existing illness, pain and suffering, panic attack, heart palpitations, loss of appetite, nausea, sensitive stomach, loss of weight, crying, loss of sleep, nightmares, night sweats, headaches, dizziness, shortness of breath, loss of income, leave time from job, medical expenses, strain on marriage, strain on family, and strain on co-workers.

## COUNT I
### (Violation of the FCCPA)
### AS TO DEFENDANT CAPITAL ONE BANK

32. Plaintiff incorporates Paragraphs one (1) through thirty-three (31).

33. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

34. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor.

35. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

36. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)
### AS TO DEFENDANT POLLACK & ROSEN, P.A.

37. Plaintiff incorporates Paragraphs one (1) through thirty-three (31).

38. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

39. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor as can reasonably be expected to harass the debtor or her family.

40. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

41. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

42. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692 et seq. AS TO DEFENDANT POLLACK & ROSEN, P.A.

43. Plaintiff incorporates by reference, the above one (1) through thirty-three (31) paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions of POLLACK & ROSEN, P.A. and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and everyone one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

   (a)   POLLACK & ROSEN, P.A. violated 15 U.S.C. § 1692e(2) by falsely and deceptively claiming that Defendant was collecting on a legitimate debt when it was not.

   (b)   POLLACK & ROSEN, P.A. violated 15 U.S.C. § 1692e(4) by stating that if Plaintiff does not pay the debt will result in garnishment, attachment.

(c) POLLACK & ROSEN, P.A. violated 15 U.S.C. § 1692e(5) the threat to take any action that cannot legally be taken.

(d) POLLACK & ROSEN, P.A. violated 15 U.S.C. § 1692f(1) by utilizing unfair and unconscionable means to collect a debt which Defendant has no authority to collect.

As a result of each and every one of POLLACK & ROSEN, P.A's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

WHEREFORE, Plaintiff prays that judgment be entered against POLLACK & ROSEN, P.A. and moves this Honorable Court for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against POLLACK & ROSEN, P.A. and for Plaintiff; for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692(a)(2)(A) against POLLACK & ROSEN, P.A. and for Plaintiff; for an award of costs of litigation and reasonably attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against POLLACK & ROSEN, P.A. and for Plaintiff, and any other such relief this Honorable Court may deem just and proper in the spirit of justice.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### As to both Defendants'

45. Plaintiff incorporates by reference, the above one (1) through thirty-three (31) paragraphs of this Complaint as though fully stated herein.

46. Defendants' actions were, reckless, outrageous, intentional, deliberate, malicious, beyond all bounds of decency, odious and utterly intolerable in a civilized society.

47. Such conduct is the type of conduct which would cause the average person to exclaim "outrageous!"

48. As a direct and proximate result of Defendants' conduct Plaintiff suffered severe emotional distress and mental anguish due to financial hardship as a direct result of Defendants' actions.

49. Plaintiff's emotional distress is severe and ongoing.

WHEREFORE, Plaintiff respectfully demands a trial by jury of all issues so triable and judgment against each Defendant for damage, punitive damages, enjoinder from similar conduct, costs, interest, and any such other relief this Honorable Court deems appropriate in the spirit of Justice.

Respectfully submitted,

_____
Jared Michael Lee, Esquire
Florida Bar#: 0052284
Morgan & Morgan, Tampa, P.A.
20 N. Orange Ave.
Fourth Floor
Orlando, FL 32801
Tele: 407.420.1414
Fax: 407.245.3484
Attorney for Plaintiff
jlee@forthepeople.com
jmlpleadings@forthepeople.com