UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHELLE KVATEK,

    Plaintiff,

v.                                          Case No: 6:13-cv-1699-Orl-28KRS

POLLACK & ROSEN, P.A. and
CAPITAL ONE BANK (USA) NA,

    Defendants.

## ORDER

Plaintiff, Michelle Kvatek, sued Defendants Capital One Bank and Pollack & Rosen, P.A., alleging violations of the Florida Consumer Collection Practices Act[1] and the Fair Debt Collection Practices Act,[2] as well as intentional infliction of emotional distress. (Am. Compl., Doc. 7). Plaintiff alleges that Defendants attempted to collect a consumer debt that they knew was satisfied. (Id. ¶¶ 10-11). According to Plaintiff, a default judgment was entered on the debt and the balance of that judgment was satisfied on or before February 4, 2012, but Defendants continued to attempt to collect the debt. (Id. ¶ 13-17). Defendant Pollack & Rosen now moves to dismiss the Amended Complaint. (Doc. 18). Having considered the motion and Plaintiff's Response (Doc. 28), the Court concludes that the motion must be denied.

---

[1] §§ 559.55-.785, Fla. Stat.

[2] 15 U.S.C. §§ 1692-1692p.

...

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). Facial plausibility requires the plaintiff to plead facts allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

Plaintiff's Amended Complaint meets these standards and survives Defendant's motion to dismiss. Defendant argues that dismissal is justified because the judgment against Plaintiff was never satisfied, no claim for intentional infliction of emotional distress can be stated because there was no satisfaction of judgment, and Defendant is entitled to immunity due to the litigation privilege. (Doc. 18). However, if the Court assumes the veracity of the allegations in the Amended Complaint, the allegations "plausibly give rise to an entitlement to relief." While Defendant's argument about the litigation privilege may be a close call, Defendant's counsel has not provided sufficient authority to justify dismissal at this stage. Defendant's arguments can be revisited on a motion for summary judgment.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Defendant's Motion to Dismiss Amended Complaint (Doc. 18) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on June 23, 2014.

*Anne C. Conway*
ANNE C. CONWAY
Chief United States District Judge
(Signed in the absence of and at the
direction of Judge John Antoon II)

Copies furnished to:
Counsel of Record